IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOHN I. BELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Civil Action <br> No. 08-00572-CV-W-JCE-SSA |

# **O R D E R**

Plaintiff is appealing the final decision of the Secretary denying his application for disability insurance benefits ["DIB"] under Title II of the Act, 42 U.S.C. 401, et seq. Pursuant to 42 U.S.C. § 405(g), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski. The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff, who was 63 years old at the hearing before the ALJ, alleges disability because of depression and problems with his left arm, subsequent to a motorcycle accident. He contends that he has a combination of impairments that meets or medically equals Listing 12.04. He asserts that he has a physical impairment because of pain and nausea, which causes him to be off task and leads to depression, and that with the non-exertional impairment of pain and nausea, in combination with the depression, he meets or equals the listing.

The ALJ found, initially, that because of plaintiff's two prior claims for benefits, which were denied at the district court level and affirmed by the appellate court, res judicata applied through November 22, 2004. The current claim was filed on May 20, 2005, with the last insured dated of December 31, 2004. Therefore, it is undisputed that the period of time involved for the instant claim is from November 22, 2004, through December 31, 2004.

The ALJ found that plaintiff has not engaged in substantial work activity since the alleged onset date of disability. She found that he suffered from degenerative joint disease of the lumbar spine and status post motor vehicle accident with shoulder fracture and surgery in April 2000. It was her finding that plaintiff's impairments did not meet or equal a medically listed impairment. It was also the ALJ's finding that plaintiff was not fully credible. It was her opinion that plaintiff was able to perform his past relevant work as a retail sales clerk and cashier supervisor, which finding was supported by vocational expert testimony. Therefore, she found that he was not under a disability as defined by the Act.

Plaintiff contends that the ALJ's decision should be reversed because she did not consider the functional demands of plaintiff's prior work activity; she did not apply the correct legal standard in assessing his Residual Functional Capacity; she improperly discounted the

opinion of the treating and consultative physicians regarding his mental impairments; and she improperly determined that he could perform his past relevant work.

At the hearing before the ALJ, plaintiff testified that he had taken Paxil for depression at one time, but he only took it for ten days before deciding that it wasn't making any difference. This was prescribed by a family doctor. He testified that he lives with his mother, who is 93. Although she is in good health, he helps her by taking her to the doctor, assisting her in and out of her wheelchair, and doing the housework and grocery shopping. He stated that his problem areas are his shoulder, back, and arm. His treating physician has advised him that there is no ongoing treatment available for his conditions. He did not think he had been to the doctor during the relevant time period. He testified that his condition has not changed between November 22, 2004, and December 11, 2004. He broke his left shoulder in 2000, and has an artificial joint in his shoulder, which causes him pain. He has nerve damage in his left hand. If he moves his arm around it causes nausea and more pain. He also has back pain. Plaintiff testified that he has problems concentrating and problems with his memory because of the nausea and pain. He has to lie down every day for about 30 minutes to an hour. He does not take any prescription medication. In terms of his depression, he feels like he can't do anything. He did not believe he could do his past relevant work as a salesclerk because he would need two hands to perform the job. He testified that he got laid off from his last job, and was looking for another job when he had the motorcycle accident. Plaintiff testified that he had not worked because of his left arm, and because he has memory problems and problems concentrating.

Turning first to plaintiff's allegations of mental impairments, the medical records of Drs. Miciano and Thayer, who briefly treated him for depression, were part of plaintiff's prior

4

disability proceeding, and res judicata precludes the Court from reconsidering those records. The only new evidence regarding his mental impairments is the report of Dr. Lieberman, who examined him at the request of the state agency. Dr. Lieberman assessed plaintiff with a Global Assessment of Functioning of 51, which indicates moderate symptoms. He found, however, that "[t]here is no indication of mental disorder or psychological compromise which would inhibit this claimant's functioning." [Tr. 433]. In this case, plaintiff acknowledged that he has not sought psychological treatment, that there has been no change in his mental condition since the prior proceeding, and that he takes no antidepressant medication. He only sought treatment once, in 2002, at the request of his attorney, and stopped taking medication after 10 days. Even if he had taken antidepressant medication regularly, however, that fact alone would not establish a disabling impairment. Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989). Further, plaintiff's testimony regarding his depression was basically limited to complaints that he is bothered because he cannot do anything and because he has problems with concentration. His functional limitations were clearly mild. He has had virtually no treatment for depression, no hospitalizations, and no episodes of decompensation. Regarding the weight afforded to Dr. Lieberman's opinion regarding the GAF of 51, the record indicates that he only examined plaintiff one time, and is not a treating physician. Further, the ALJ discredited that score because it was inconsistent with the medical report as a whole, only indicates moderate symptoms, and a single GAF score alone is not determinative of a mental impairment. It is clear that Dr. Lieberman's opinion was that plaintiff did not have a mental disorder that would seriously impair his functioning. Based on a thorough review of the record, the Court finds that the ALJ relied on substantial, relevant and supporting evidence in explaining her reasons for

discrediting plaintiff's complaints regarding the extent of his mental limitations. Lowe, 226 F.3d at 971-72.

Regarding his physical impairments, plaintiff contends that the ALJ insufficiently analyzed the medical evidence. In evaluating a plaintiff's allegations, the ALJ must consider, in addition to the medical evidence, the Polaski factors. These include prior work history, daily activities, duration and intensity of pain, effectiveness and side effects of medication, aggravating factors, and functional restrictions. Bowman v. Barnhart, 310 F.3d 1080, 1083 (8th Cir. 2002). In discrediting subjective claims, the ALJ cannot simply invoke Polaski or discredit the claims because they are not fully supported by medical evidence. Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). It is not necessary, however, that the ALJ discuss each Polaski factor in a methodical fashion before discounting plaintiff's subjective complaints, provided that the ALJ acknowledged and considered those factors, and he may discredit complaints if there are inconsistencies in the record as a whole. Id. at 972.

The ALJ found that plaintiff was not fully credible because of his lack of treatment during the relevant time period, his daily activities, which included caring for his elderly mother, the reports of the treating and examining physicians, and the fact that he took only mild or over-the-counter medication to control his symptoms. Despite the fact that plaintiff complained of persistent nausea, he took no anti-nausea medication. Based on the record as a whole, the Court finds that the ALJ properly determined that plaintiff was not fully credible.

Plaintiff admitted that he had sought no medical treatment for his physical impairments during the relevant time period. The record contains a new medical report from Dr. McKinney, who examined plaintiff for a disability determination in March of 2005. Dr. McKinney

determined that plaintiff had no functional limitations for sitting, standing, walking, lifting up to ten pounds, carrying, hearing, or speaking. It was his opinion that he was able to lift up to five pounds using each hand individually and ten pounds with both hands together. Based on a full review of the pertinent records, there is substantial evidence in the record as a whole to support the ALJ's decision that there was no change in plaintiff's condition during the 40 days at issue, and that he did not suffer from a disabling physical impairment.

Regarding the ALJ's RFC finding, a review of the record indicates that the ALJ properly considered all of plaintiff's impairments in assessing the RFC. A review of the RFC, which delineates functional and nonfunctional limitations, indicates that the ALJ took into consideration the credible, medically supported evidence in the record to assess plaintiff's RFC. She found that plaintiff suffered from a shoulder fracture, post motor vehicle accident, and degenerative joint disease, which were severe impairments, and considered these in her RFC finding. It was also noted that he did not seek specific treatment for these conditions during the relevant time period. There is substantial evidence in the record to support the ALJ's determination that plaintiff's impairments did not meet or equal the requirements of a listed impairment, and to support the RFC determination.

In terms of plaintiff's past relevant work, the vocational expert found that plaintiff could perform his past relevant work as a retail sales clerk and cashier supervisor, which he had performed at the light exertional level. When posed with a hypothetical encompassing the limitations that the ALJ found credible, including the limitation of lifting with the left upper extremity only five pounds occasionally, the expert testified that the hypothetical claimant could perform plaintiff's past relevant work. The vocational expert also testified that even if plaintiff's

alleged concentration problems prevented him from performing his past work as a cashier supervisor, he could still perform his work as a retail sales clerk.  Accordingly, even accepting a mental impairment that compromised concentration, there is substantial evidence in the record to support the ALJ's finding that plaintiff could perform his past relevant work as a retail sales clerk.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record.  Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006).  The ALJ's findings that plaintiff was not disabled between November 22, 2004, through December 31, 2004, and could perform his past relevant is supported by the record as a whole.  Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary should be, and it is hereby, affirmed.


                                                   /s/ James C. England
                                                    JAMES C. ENGLAND, CHIEF
                                                    United States Magistrate Judge

Date:  12/22/09